UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CR 07-1305-GAF | Date April 16, 2008 |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Interpreter | None | |
| Michele Murray | None | E. Martin Estrada |
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Cedric Burris | | √ | | Pedro Castillo, DFPD | √ | | |

**Proceedings:**     (In Chambers)

## ORDER RE: MOTIONS IN LIMINE

Having conducted a hearing on the motions in limine and the motion for reconsideration on April 14, 2008, and having heard further argument on the morning of April 15, 2008, the following sets forth the Court's rulings on those motions.

A. Government Motions

1. Motion In Limine to preclude defendant from eliciting testimony regarding his out-of-court statements. **MOTION DENIED.**

    The Government wishes to elicit testimony that the defendant knew the gun was in his bedroom, but to preclude his answers to statements indicating that his brother put the gun in the room approximately four months earlier. US v. Ortega, 203 F. 3d 675 (9th Cir. 2000). The Court agrees that the exculpatory portions of a defendant's oral statement constitute hearsay and are ordinarily inadmissible. Id., at 682. Likewise, the Court agrees that the Rule of Completeness, Rule 106, Fed. R. Evid., applies only to written statements and that, in most instances, precluding admission of such statements on cross-examination is permitted under established case law. Id., accord, United States v. Mitchell, 502 F. 3d 931, 964-65 (9th Cir. 2007). However, in this case, the statements of the defendant were so brief, and the exculpatory portions so bound up with the portions alleged to be inculpatory, that to exclude a part of the brief statements would be significantly misleading and unfair. The Court concludes that, in the exercise of its supervisorial powers, it should allow the statements into evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

Furthermore, the Court notes that the exculpatory portion of defendant's statement – that the weapon belonged to his brother who had left it in defendant's room – is corroborated by the government's search warrant affidavit indicating that defendant's brother Roy was believed to maintain weapons at the location. Accordingly, the Court concludes that the evidence is admissible under Rule 807, which provides for the admission of such statements where "the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."

B. Defense Motions

1. Motion for Reconsideration of Ruling on Motion to Suppress. **MOTION DENIED.**

    Defendant contends that the Court should reconsider its ruling based on information contained in a transcript of the hearing. During the search of his mother's residence, where defendant lived, he and other members of his family were placed in "flex cuffs," and detained in the living room while the premises were being searched. On two occasions during the search, officers came into the room and asked the residents if anyone recognized a shotgun located in defendant's bedroom. On both occasions, defendant acknowledged that he recognized the weapon, knew it was in his room, and that it was placed in the room by his brother Roy somewhere between a month and four months earlier. Defendant contends that the officers should have read Miranda warnings before asking the question and that the statement must therefore be suppressed. Defendant asserts in particular that the questioning was intended to solicit incriminating statements and should be suppressed under the rule in Rhode Island v. Innis, 446 U.S. 291 (1980).

    Innis is not particular helpful in the present circumstances. In that case a suspect had been arrested, had been advised of his Miranda rights, and had asserted his right to counsel while being driven to a police station with two officers who were overheard discussing the risk that the suspect's gun might pose to handicapped children. The suspect interrupted the conversation and reported where the gun could be found. The Supreme Court held that the statement should not be suppressed because it was volunteered and not made in response to interrogation.

    This case is governed by the principles articulated in Muehler v. Mena, 544 U.S. 93 (2005), Berkemer v. McCarty, 468 U.S. 420 (1984), Michigan v. Summers, 452 U.S. 692 (1981), and their progeny, including, in this circuit, United States v. Kim, 292 F. 3d 969, 973 (9th 2002). The court in Kim stated:

    > The following factors are among those likely to be relevant to deciding that question: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." Hayden, 260 F.3d at 1066 (citing Beraun-Panez, 812 F.2d at 580).

    Id., at 974. The Court indicated that this was not an exhaustive list of all relevant factors and that others might come into play as well. Id. Here, the defendant was not "summoned" or singled out

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

nor subjected to any particular pressure. Rather, the questions were of a relatively general nature and directed to all persons present at the location. Further, the questions were very brief, and the questioning took place at his residence. On the other hand, he was physically restrained and was confronted (though along with all of the others) with evidence that could lead to an arrest and prosecution. Although the Court considers this to be a close case, it ultimately concludes that the statement should not be suppressed. On balance, the fact that the interrogation was brief, in his home, and not particularly directed at him, and therefore not necessarily intended to confront him with evidence of guilt indicates that it was the type of questioning that is contemplated by Kim without the need to give Miranda warnings.

2. Motion in Limine to Preclude 404(b) Evidence. **GRANTED IN PART; DENIED IN PART**.

   Criminal Record: The Government does not intend to introduce evidence regarding the defendant's criminal record in its case-in-chief. The motion is, to that extent, moot. If the defendant testifies, the Government may impeach him with evidence of his conviction for passing bad checks. Pursuant to Rule 609, Fed. R. Evid., the Government may not impeach him with his misdemeanor resisting conviction nor his arrest for possession of a loaded weapon. Moreover, the Court will not permit the Government to present evidence of the arrest for possession of a loaded weapon. The presentation of sufficient evidence to prove the facts and circumstances surrounding the arrest would result in the undue consumption of court time, would create a substantial risk of confusing the jury, and the evidence itself would create a risk of prejudice that would far outweigh any probative value of the arrest.

   Black Mafia T-Shirt: Defendant contends that it is not relevant and that its prejudicial impact exceeds any probative value it may have. The Court agrees that displaying the t-shirt would be unduly prejudicial even if it is relevant to prove that bedroom where the shotgun was found was defendant's room. Rule 403, Fed. R. Evid. The Court will not permit the t-shirt to be displayed but will permit reference to it without any description of any words or logos on the shirt. This ruling avoids prejudice and does not present any particular hurdle for the Government because it has substantial evidence, including the defendant's admission, that it was his bedroom.

   Negative Fingerprint Testimony: Government will offer the testimony of an expert who will explain that the fingerprints were not found on the weapon but that does not mean that defendant did not handle the weapon. Defendant objects and contends that the evidence is not relevant and that such testimony invades the province of the jury. The Court disagrees. The expert can testify to opinions on these subjects, and defendant should be able to demonstrate the proper weight to be given to the testimony through cross-examination.

IT IS SO ORDERED.